IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 03-cv-01693-MSK-BNB

BOBBY J. MCDADE,

    Petitioner,

v.

E.J. GALLEGOS,

    Respondent.

---

**ORDER ADOPTING THE RECOMMENDATION (#25),
DENYING HABEAS RELIEF, DISCHARGING THE
ORDER TO SHOW CAUSE (#8), AND DIRECTING
THE CLERK OF COURT TO CLOSE THIS CASE**

---

THIS MATTER comes before the Court on a Recommendation **(#25)** from the Magistrate Judge that the Petitioner's application for a writ of habeas corpus **(#2)** be denied and that the Court discharge its Order to Show Cause **(#8)**. The Petitioner did not object to the Recommendation. The Court

**FINDS** and **CONCLUDES** that:

### I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 2241.

### II. Background

The Petitioner, Bobby J. McDade, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He claims that he was denied due process because: (1) he was not given advance written notice of a disciplinary charge at least 24 hours before his initial hearing; (2) the

nature of the charge was changed during his administrative appeal from a Code 203 to a Code 299; (3) the hearing officer would not call his witnesses at the disciplinary hearing; (4) no evidence was presented to support the hearing officer's determination that he committed a Code 299 violation; (5) the hearing officer did not provide written reasons for finding a Code 299 violation; (6) the hearing officer refused to provide the Petitioner with a staff representative at the hearing and falsely stated that the Petitioner waived his right to staff representation; (7) his initial hearing was not presided over by a Unit Disciplinary Committee certified person; (8) the hearing officer refused to consider exculpatory evidence in the form of a memorandum from the reporting staff member; and (9) the hearing officer was biased.

The Magistrate Judge recommends that the Petitioner's claims for habeas relief be denied. The Magistrate Judge concluded that the Petitioner's due process rights were not violated because: (1) the Petitioner was not entitled to advance written notice of the charges prior to his initial hearing, which is different from a disciplinary hearing; (2) although the Code number changed, the charges against the Petitioner were materially the same and were based upon the same conduct; (3) there is nothing in the record to suggest that the hearing officer denied the Petitioner's request to have witnesses; rather, the Petitioner's witnesses failed to show up at the hearing, and there is nothing in the record to show that the requested witnesses would have provided testimony helpful to him; (4) there was sufficient evidence to support the hearing officer's determination; (5) the Petitioner received written notice of the hearing officer's findings; (6) the Petitioner was not entitled to a staff representative because he is not illiterate and the issues presented were not complex; (7) the Due Process Clause does not require certification of the presider over an initial hearing; (8) there is nothing in the record to show that the Petitioner

asked the hearing officer to consider the memorandum from the reporting staff member; and (9) the Petitioner made no showing of bias on the part of the hearing officer.  The Magistrate Judge also recommends that the Court discharge its Order to Show Cause **(#8)** which directed the Respondent to show cause why the Petitioner should not be granted habeas relief.

### III.  Issue Presented

The Court must determine whether the Petitioner is entitled to habeas relief.

### IV.  Analysis

Pursuant to Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1), a party may object to any portion of a Magistrate Judge's recommendation by filing specific objections within 10 days of the party's receipt of the recommendation.  When no objections are filed, a district court may apply whatever standard of review it deems appropriate.  *See Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

Because the Petitioner has not objected to the Magistrate Judge's Recommendation, the Court reviews it for clear error.  The Magistrate Judge's Recommendation is not clearly erroneous.

**IT IS THEREFORE ORDERED** that:

(1)     The Recommendation **(#25)** is **ADOPTED**.

(2)     The Order to Show Cause **(#8)** is **DISCHARGED**.

(3)     The application for a writ of habeas corpus **(#2)** is **DENIED**.

(4)     The Clerk of Court is directed to close this case.

Dated this 7th day of October, 2005.

                              **BY THE COURT:**

                              Marcia S. Krieger
                              United States District Judge